USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 8, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

GRIEVANCE COMMITTEE FOR THE          :
TENTH JUDICIAL DISTRICT,
                                     :    09 Civ. 10116 (PAC)
            Petitioner,
                                     :    ORDER
    -against-
                                     :
RUTH M. POLLACK,
                                     :
            Respondent.
                                     :
---------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

This matter raises precisely the same issues as Ms. Pollack raised in a case with

the same caption, under Docket Number 09 Civ. 7570 (DC). That case was the subject of

four opinions by U.S. District Judge Chin, dated November 4, November 13, December

9, and December 15, 2009. The decisions of November 4 and December 9 dealt with Ms.

Pollack's allegations of criminal tampering with the docket sheets. Judge Chin's

November 13 decision held that matter had not been timely removed; and, in any event,

there was no federal jurisdiction. Indeed, he found the issues raised were completely

state oriented. Accordingly, Judge Chin granted the motion to remand. Thereafter, Ms.

Pollack moved for reconsideration of the November 13, 2009 Order. Judge Chin denied

the motion for reconsideration on December 15, 2009.

Upon removal, the Grievance Committee scheduled a hearing on December 11,

2009. One day before, on December 10, 2009, and while the motion for reconsideration

was still pending, Ms. Pollack filed this removal proceeding. The Civil Cover Sheet Ms.

Pollack filed with the removal petition was inaccurate. It stated that the case previously

assigned to Judge Chin had not been dismissed; and further, failed to disclose that the new case was related to a civil case pending in the Southern District.

In any event, the Removal Petition of December 10, 2009 does no more than repeat the issues fully addressed and thoughtfully analyzed by Judge Chin. There is not a single issue which would support an assertion of federal jurisdiction. Again, much is made of erroneous docket entries. While entries should be correct, inaccurate or erroneous entries do not create federal jurisdiction. State attorney disciplinary proceedings are to be conducted in a state, not a federal, forum.

Accordingly, the Grievance Committee's oral application, made in open Court on January 8, 2010, is GRANTED, and the matter is again remanded to the Appellate Division of the Supreme Court of the State of New York, Second Department. The Clerk of the Court is directed to remand this case to the Second Department.

Ms. Pollack is advised that having removed the matter once; the matter having been remanded; the remand order having been reconsidered; and while the motion for reconsideration was pending, a second removal petition was initiated; and remand again being granted; any further attempt to remove this New York State attorney disciplinary proceeding to federal court will be regarded as contemptuous behavior.

Dated: New York, New York
      January 8, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

2

Copies Mailed To:

Robert H. Cabble, Esq.
State of New York
Grievance Committee for the
Tenth Judicial District
150 Motor Parkway
Suite 102
Hauppauge, New York  11788

Ruth M. Pollack, Esq.
21 West Second Street
Suite 13
Post Office Box 120
Riverhead, New York  11901